UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re Application of<br><br>THE REPUBLIC OF TÜRKIYE,<br><br>Applicant for an Order pursuant to<br>28 U.S.C. § 1782 to Conduct Discovery<br>for use in Foreign Proceedings | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PETITIONER'S *EX PARTE* APPLICATION FOR AN ORDER UNDER 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS AND SUPPORTING MEMORANDUM OF LAW**

1. The Republic of Türkiye ("Applicant") hereby files this Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding ("Application") and respectfully asks this Court to grant the Proposed Order attached as Exhibit 1 to this Application, which gives Applicant leave, pursuant to 28 U.S.C. § 1782 and Rules 26 and 45 of the Federal Rules of Civil Procedure, to serve Bank of America, N.A. and Wells Fargo Bank, N.A., with the subpoenas attached at Exhibit 3 to this Application, and in support thereof state as follows.

2. The Requested relief is for the purposes of obtaining necessary discovery in aid of an ongoing criminal prosecution of Cevdet Turkyolu, Hasan Sayin, Ybrahym Sayin, Muhammet Erhan Koseoylu, and Ferhat Aktay for insider trading, as well as an investigation for potential money laundering. *See* Exhibit 4.

3. Applicant seeks the assistance of this Court to obtain discovery from Bank of America, N.A., and Wells Fargo Bank, N.A. (collectively, the "Respondent Banks").

1

4.　　Applicant is actively investigating the financial activities of Turkyolu and the other four named individuals as it relates to suspected attempts by them and other individuals to launder money in violation of Turkish law, and seeks discovery related to their banking activities at the Respondent Banks. *See generally* Exhibit 2 ("Kacmaz Declaration").

5.　　Applicant has obtained evidence of certain financial transactions Turkyolu has conducted with each of the Respondent Banks. *See* Attachment B to Exhibit 3.

6.　　Applicant's tailored requests are set forth in the subpoenas attached to Exhibit 3. These tailored requests seek documents relating to transactions made in U.S. dollars to, from, and through accounts held by, the Respondent Banks that Turkyolu used on and after the date of the transactions described in the Attachment B to Exhibit 3.

7.　　Section 1782 permits litigants in foreign proceedings to obtain discovery in the United States to assist in foreign litigation. In particular, Section 1782 states:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

8.　　The statutory requirements of Section 1782 are satisfied here. As explained in the accompanying Memorandum of Law: (1) Applicant is an "interested person" because it is the foreign government overseeing the ongoing criminal prosecution for which discovery is sought; (2) both of the Respondent Banks can be found in this district; (3) the discovery sought is documentary evidence; and (4) the discovery sought is for use in a foreign criminal investigation. A prosecution need not be pending but simply be "within reasonable contemplation," for Section 1782 discovery to be appropriate. *Mees v. Buiter*, 793 F.3d 291, 294 (2d Cir. 2015).

9.      All of the discretionary factors of Section 1782 are satisfied because: (1) Neither of the Respondent Banks is a party to the contemplated criminal prosecution in Türkiye; (2) The Turkish government would be highly receptive to judicial assistance from a U.S. Court in facilitating the discovery of these financial records; (3) Applicant is not attempting to circumvent any foreign or U.S. proof gathering restrictions; and (4) The discovery sought is not intrusive or burdensome because the Respondent Banks are both large financial institutions who regularly receive subpoenas and would have no difficulty complying with an order to produce the requested financial records pertaining to Turkyolu and the other four named individuals.

10.     Applicant therefore respectfully request that this Court expeditiously grant the Application for an Order granting Applicant leave to serve the Respondent Banks with the subpoenas attached at Exhibit 3.

WHEREFORE, Applicant respectfully requests that this Court:

a. Grant the Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding;

b. Enter the Proposed Order attached to this Application as Exhibit 1;

c. Grant Applicant leave, pursuant to 28 U.S.C. § 1782, to serve the subpoenas attached to this Application as Exhibit 3;

d. Direct the Respondent Banks to comply with the subpoenas issued in this case in accordance with the Federal Rules of Civil Procedure and the Rules of this Court; and

e. Grant any and all other further relief to Applicant as deemed just and proper.

Dated: December 3, 2024                                             Respectfully submitted,

/s/ Neil P. Diskin
NIXON PEABODY LLP
55 W. 46th St., Tower 46
New York, NY 10036
(212) 940-3030 (telephone)
ndiskin@nixonpeabody.com

John R. Sandweg
Brian A. Hill
*Pro Hac Vice Applications Forthcoming*
NIXON PEABODY LLP
799 Ninth Street, NW, Suite 500
Washington, D.C. 20001-4501
(202) 585-8189 (telephone)
jsandweg@nixonpeabody.com
bhill@nixonpeabody.com

*Counsel for Petitioner*