# EXHIBIT 3

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| The Republic of Turkey | ) |
| *Plaintiff* | ) |
| v. | )     Civil Action No. |
| | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Bank of America, N.A.
One Bryant Park, West 42nd Street, New York, NY, 10036

*(Name of person to whom this subpoena is directed)*

    🗎 *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachments A and B

| Place: Neil P. Diskin<br>Nixon Peabody LLP<br>55 West 46th Street, 24th Floor, New York, NY 10036 | Date and Time: |
|---|---|

    ❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

     *CLERK OF COURT*

            OR

_____      _____
       *Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

## Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $        0.00        .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | | Reset |

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Attachment A**

*INSTRUCTIONS*

1. Prior to answering the following, you are requested to make a due and diligent search of your books, records, and papers, with a view to eliciting all information responsive to this subpoena.

2. If you object to any request on the basis of privilege, please identify the nature of the documents being withheld on that basis.

3. If any document responsive to this request was, but no longer is in your possession, state whether it is missing or lost; if it has been destroyed; if it has been transferred, voluntarily or involuntarily, to others; or if it has otherwise been disposed of. In each instance, identify the document fully, explain the circumstances, and identify the people having knowledge of such circumstances.

4. If you contend that any documents covered in these requests are not reasonably accessible or would be unduly burdensome to locate or produce, identify such documents by category and source and provide detailed information regarding the burden or cost you claim is associated with the search for or production of such documents.

5. To the extent documents produced in response to this request include electronic documents, such as spreadsheets or databases, please produce all such documents in native form, ensuring that all formulae and metadata embedded in such documents are produced.

6. To the extent you intend to not produce a requested document, you are directed to make and safeguard a copy of the requested information.

7. The relevant time period for documents responsive to the following requests shall be between December 18, 2002, until now.

*DEFINITIONS*

1. The term "communications" means any oral, written, or electronic transmission of information, including without limitation any face-to-face meetings, letters, emails, text messages, social media messaging, or telephone calls, chat rooms, or group list serves.

2. The term "document" is intended to be as comprehensive as the meaning provided in Rule 34 of the Federal Rules of Civil Procedure.

3. The term "person" means any individual, corporation, partnership, proprietorship, association, organization, governmental entity, group of persons, or any other entity of whatever nature.

4. The terms "relate to" or "relating to" means consisting of, referring to, regarding, reflecting, supporting, prepared in connection with, used in preparation of, or being in any way logically or factually connected with the matter discussed.

5. "Cevdet Turkyolu" refers to the individual who has Turkish ID Number 16901217478, and is identified in Attachment B to this subpoena.

6. " Hasan Sayin" refers to the individual identified in Attachment B to this subpoena.

7. " Ybrahym Sayin" refers to the individual identified in Attachment B to this subpoena.

8. "Muhammet Erhan Koseoylu" refers to the individual identified in Attachment B to this subpoena.

9. " Ferhat Aktay" refers to the individual identified in Attachment B to this subpoena.

10. The term "you" means BANK OF AMERICA, N.A. and all employees, agents, representatives, subsidiaries, affiliates, assignees, or other persons acting or purporting to act on its behalf.

*DOCUMENTS TO BE PRODUCED*

1. All documents relating to financial transactions made in U.S. dollars to, from, and through accounts held by, Cevdet Turkyolu, Hasan Sayin, Ybrahym Sayin, Muhammet Erhan Koseoylu, and/or Ferhat Aktay, including any financial transactions made through Bank of America as correspondent or intermediary bank. This includes all bank statements and any other records showing transfer of money and any other financial instrument, including but not limited to checks, wire transfers, or any other method of transfer between December 18, 2002 and the present.

2. All documents and communications relating to Cevdet Turkyolu, Hasan Sayin, Ybrahym Sayin, Muhammet Erhan Koseoylu, and/or Ferhat Aktay, including all documents and communications relating to potential fraud, money laundering or suspicious activity related to them individually or collectively.

**<u>Attachment B</u>**

| TRANSFERER BANK CODE | TRANSFERER NAME | TRANSFERER TITLE | TRANSFERER TAX NUMBER | TRANSFERER BASE CITY | TRANSFERER CITY | TRANSFERER ADDRESS | TRANSFERER PHONE | TRANSFER DATE | RECEIVER COUNTRY NAME | RECEIVER ADDRESS | RECEIVER BANK ACCOUNT NUMBER | RECEIVER BANK NAME | AMOUNT USD | ULKE_AD I_DZGN |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 64 | | HAMLE OTO KIRALAMA DANISMANL I | 4560065106 | ISPIR | İSTANBUL | BAGDAT CAD. USTUN IPEK APT. NO | 2165182525 | 7/17/2012 0:00 | ABD | CEVDET TURKYOLU | 200003068Z085 | WELLS FARGO BANK, N.A. SAN FRANCISCO,CA | 75,000 | ABD |
| 0203 | MAİL MEMET | ALİ ÇELİK | 19730246978 | ERZURUM | İSTANBUL | ÇINAR MH. ITIR ÇIKMAZI SOK. NO | 12051957 | 3/26/2013 0:00 | AMERİKABİRL | CEVDET TÜRKYOLU | 383010408432 | BANK OF AMERICA, N.A. | 300,000 | ABD |
| 0203 | MAİL MEMET | AHMET ÇELİK | 19733246814 | İSPİR | İSTANBUL | ZEYTİNLİK MH. F. KORUTÜRK CAD. | 24121995 | 3/26/2013 0:00 | AMERİKABİRL | CEVDET TÜRKYOLU | 383010408432 | BANK OF AMERICA, N.A. | 300,000 | ABD |
| 208 | MUHARREM | HASAN TÜRKYOLU | | SAKARYA | İSTANBUL | EMNİYET M.KISIKLI BÜYÜK ÇAMLIC | 10776 | 3/19/2004 0:00 | ABD | CEVDET TÜRKYOLU | | | 48,000 | ABD |
| 208 | MUHARREM | HASAN TÜRKYOLU | | SAKARYA | İSTANBUL | EMNİYET M.KISIKLI BÜYÜK ÇAMLIC | 10776 | 3/25/2004 0:00 | ABD | CEVDET TÜRKYOLU | | | 4,000 | ABD |
| 208 | | FEZA GAZETECİLİK A.Ş. FEZA GAZ | 3850077405 | İSTANBUL | İSTANBUL | FEVZİ ÇAKMAK MAH.AHMET TANERKI | 2124541454 | 10/16/2008 0:00 | ABD | CEVDET TÜRKYOLU | HES.NO:9428631381 | BANK OF AMERICA, N.A.,BANK OF AMERICA | 50,000 | ABD |
| 208 | | FEZA GAZETECİLİK ANONİM ŞİRKET | 3850077405 | İSTANBUL | İSTANBUL | FEVZİ ÇAKMAK MAH.AHMET TANERKI | 2124541454 | 6/18/2010 0:00 | ABD | CEVDET TÜRKYOLU | HES.NO:9428631381 | BANK OF AMERICA, N.A., | 65,000 | ABD |
| 208 | | FEZA GAZETECİLİK ANONİM ŞİRKET | 3850077405 | İSTANBUL | İSTANBUL | FEVZİ ÇAKMAK MAH.AHMET TANERKI | 2124541454 | 12/23/2011 0:00 | ABD | CEVDET TÜRKYOLU | HES.NO:9428631381 | BANK OF AMERICA, N.A., | 50,000 | ABD |
| 208 | | FEZA GAZETECİLİK ANONİM ŞİRKET | 3850077405 | İSTANBUL | İSTANBUL | FEVZİ ÇAKMAK MAH.AHMET TANERKI | 2124541454 | 12/30/2010 0:00 | ABD | CEVDET TÜRKYOLU | HES.NO:9428631381 | BANK OF AMERICA, N.A., | 40,000 | ABD |
| 208 | HASAN | CEVDET TÜRKYOLU | 1690121747 | ADAPAZARI | İSTANBUL | BÜYÜKÇAMLICA CD.BAŞÇAY SK. 18 | 30.04.1960 | 8/3/2010 0:00 | ABD | CEVDET TÜRKYOLU | HES.NO:0069920009 | KABUL BANK, | 50,000 | ABD |
| 208 | HASAN | CEVDET TÜRKYOLU | 1690121747 | ADAPAZARI | İSTANBUL | BÜYÜKÇAMLICA CD.BAŞÇAY SK. 18 | 30.04.1960 | 1/26/2012 0:00 | ABD | CEVDET TÜRKYOLU | HES.NO:009428631381 | BANK OF AMERICA, N.A., | 50,000 | ABD |
| 208 | HASAN | CEVDET TÜRKYOLU | 1690121747 | ADAPAZARI | İSTANBUL | BÜYÜKÇAMLICA CD.BAŞÇAY SK. 18 | 30.04.1960 | 7/22/2014 0:00 | ABD | CEVDET TÜRKYOLU | HES.NO:1010058698741 | WELLS FARGO BANK, N.A., | 120,500 | ABD |
| 208 | HASAN | CEVDET TÜRKYOLU | 8800047662 | SAKARYA | İSTANBUL | BÜYÜKÇAMLICA CDBAŞÇAY SK1 | 11960 | 1/12/2005 0:00 | ABD | CEVDET TÜRKYOLU | HesNo:9428631381 | BANK OF AMERICAHO | 21,950 | ABD |
| 208 | HASAN | CEVDET TÜRKYOLU | | | İSTANBUL | BÜYÜKÇAMLICA CD. BAŞÇAY SK. 18 | 11960 | 12/18/2002 0:00 | ABD | CEVDET TÜRKYOLU FIRST UNION BANKBROADWAYWIND GAP | | | 22,000 | ABD |
| 208 | HASAN | CEVDET TÜRKYOLU | | | İSTANBUL | BÜYÜKÇAMLICA CD. BAŞÇAY SK. 18 | 11960 | 12/20/2002 0:00 | ABD | CEVDET TÜRKYOLU FIRST UNION BANKBROADWAYWIND GAP | | | 92,000 | ABD |
| 208 | CEVDET | ESAT TÜRKYOLU | 16595227692 | ÜSKÜDAR | İSTANBUL | KISIKLI MAH.BAŞÇAY SOK NO:24/4 | 14.05.1995 | 6/9/2015 0:00 | ABD | CEVDET TÜRKYOLU | HES.NO:1010058698741 | WELLS FARGO BANK, N.A., | 50,000 | ABD |
| 208 | | FEZA GAZETECİLİK ANONİM ŞİRKET | 3850077405 | İSTANBUL | İSTANBUL | FEVZİ ÇAKMAK MAH.AHMET TANERKI | 2124541454 | 8/2/2012 0:00 | ABD | CEVDET TÜRKYOLU | HES.NO:1010058698741 | BANK OF AMERICA, N.A., | 30,000 | ABD |
| 208 | | FEZA GAZETECİLİK ANONİM ŞİRKET | 3850077405 | İSTANBUL | İSTANBUL | FEVZİ ÇAKMAK MAH.AHMET TANERKI | 2124541454 | 12/23/2013 0:00 | ABD | CEVDET TÜRKYOLU | HES.NO:1010058698741 | WELLS FARGO BANK, N.A., | 60,000 | ABD |
| 208 | | FEZA GAZETECİLİK ANONİM ŞİRKET | 3850077405 | İSTANBUL | İSTANBUL | FEVZİ ÇAKMAK MAH.AHMET TANERKI | 2124541454 | 10/7/2014 0:00 | ABD | CEVDET TÜRKYOLU | HES.NO:1010058698741 | WELLS FARGO BANK, N.A., | 20,000 | ABD |

**TC**

**ISTANBUL**

**REPUBLIC CHIEF PROSECUTOR'S OFFICE**

**Anti-Smuggling, Narcotics and Economic Crimes Investigation Bureau**

**Investigation No:** 2016/49414 :

**Those are**  2017/18944

**not ÿddianame No :** 2017/13768

**TO THE 3RD CRIMINAL**

**COURT OF FIRST INSTANCE OF ISTANBUL, I DD I ANAME**

| | |
|---|---|
| **DONORS** | : K.H. |
| **COMPLAINANT** | : **CAPITAL MARKETS BOARD,** Eskiÿehir Road 8 Km. No:156 06530 ANKARA. |
| **ATTORNEY** | : **Attorney at Law EMRE SUBAÿI - Attorney at Law DÿLEK CENGÿZ,** Eskiÿehir Road 8 Km. No:156 Center/ANKARA. |
| **SUSPECTS** | : **1- HASAN SAYIN,** from OSMAN's son AYTAÇ, born on 19/08/1964, registered in Istanbul province, Sarÿyer district, Büyükdere village/neighborhood, volume 1, family row no. 284, row no. 15, resides at Kÿsÿklÿ Mah. Kÿsÿklÿ Büyük Çamlÿca Cad. No:17C Üsküdar/ ÿSTANBUL. |
| **DEFENDER** | : Atty. **ERKAN TERCAN,** Merkez Mah. Büyükdere Cad. No:21 Damla Apt. Floor:5 Flat:5 34384 ÿiÿli/ ÿSTANBUL. : **2- ÿBRAHÿM SAYIN,** son of OSMAN AYTAÇ, born on 01/05/1963, registered in Istanbul province Sarÿyer district Büyükdere village/ neighborhood, volume 1, family row no, row no 13, resides at Kÿsÿklÿ Mah. Kÿsÿklÿ Büyük Çamlÿca Cad. No:17F ÿç Kapÿ No:1 Üsküdar/ ÿSTANBUL. |
| **DEFENDER** | : Atty. **ERKAN TERCAN,** Merkez Mah. Büyükdere Cad. No:21 Damla Apt. Floor:5 Flat:5 34384 ÿiÿli/ ISTANBUL. : **3- MUHAMMET ERHAN KÖSEOÿLU,** son of HASAN from MAKBULE, born on 10/05/1974, registered in the Ekmekçiler village/neighborhood of Rize Central district, volume 14, family row number 36, row number 128, resides at Atatürk Mah. 3rd Street No:3G Interior Door No:51 Ataÿehir/ ÿSTANBUL. |
| **DEFENDER** | : Atty. **SEDAT POLAT,** Salacak Mah. Öÿdül Sk. Maiden's Tower Mansions No:29-33 B.2 D.5 Üsküdar/ ISTANBUL. : **4- CEVDET TÜRKYOLU,** son of HASAN from ZAHÿDE, born on 30/04/1960, registered in the Akÿncÿlar village/neighborhood of Adapazarÿ district of Sakarya province, volume 1, family serial number 225, serial number 75, resides at Beylerbeyi Mh. Çamlÿca Cad. No:18/4 Üsküdar/ ÿSTANBUL. |

1/4



|  |  |
|---|---|
| | **: 5- FERHAT AKTAÿ,** son of TEVFÿK and ÿENGÜL, born on 08/04/1980, registered in the Yaylacÿk village/neighborhood of the Selim district of Kars province, volume 50, family serial number 32, serial number 36, resides at the address Bahçelievler Mah. Baÿÿt Sk. No:4 ÿç Kapÿ No:1 Üsküdar/ ÿSTANBUL. |
| **DEFENDER** | **: Atty. AZÿZ AKTAÿ,** Bahçelievler District, Ayla Street, No:15/2 34764 Üsküdar/ ÿSTANBUL. |
| **CRIME** **DATE AND PLACE OF CRIME** **SHIPPING ITEMS** | : Violation of the Capital Market Law No. 6362 : 25/03/2014 - ISTANBUL/SARIYER : Articles 106/1 of the Capital Market Law, 53/1 of the Turkish Penal Code. |
| **EVIDENCES** | : Claim, written application petition, defense statements of suspects, Inspection Report of the Capital Markets Board Market Supervision and Audit Department, Capital Markets Board decision, population and criminal record records and all document scope. |

### INVESTIGATION DOCUMENTS WERE REVIEWED:

With the written application petition numbered E.4368 and dated 18/04/2016, submitted to our Office of the Chief Public Prosecutor by the representatives of the Capital Markets Board, a criminal complaint was filed against the suspects Hasan SAYIN, ÿbrahim SAYIN, Muhammet Erhan KÖSEOÿLU, Cevdet TÜRKYOLU and Ferhat AKTAÿ, claiming that they committed the crime of *"Information Abuse"* .

According to the Audit Report numbered XXI-18/23-1, XXII-10/43-1, XXIV-12/52-7, XXV-10/34-1 dated 25.02.2016 prepared by the Board experts as a result of the examination of the transactions carried out before and after the special situation announcement regarding the commencement of strategic partnership negotiations with Qatar Islamic Bank (QIB) by Bank Asya, which was announced to the public by Bank Asya on 25.03.2014 at 17:50:40;

--- As a result of the special situation announcement of Bank Asya dated 25.03.2014, which was directed to all investors, the weighted average price of Bank Asya (ASYAB) shares increased by 58.18% until 28.03.2014, from 1.10 TL to 1.74 TL;

--- Approximately 1.5 months before the special situation statement made on 25.03.2014, on 04.02.2014, QIB representative Can GÜÇLÜ visited Bank Asya and expressed QIB's interest in becoming a strategic partner in Bank Asya, thus the process leading to the special situation statement began and since that date, various steps have been taken by Bank Asya-QIB officials towards the realization of the partnership;

--- Hasan SAYIN, ÿbrahim SAYIN, Muhammet Erhan KÖSEOÿLU, Cevdet TÜRKYOLU and Ferhat AKTAÿ, who had knowledge that partnership talks were held between Bank Asya and QIB between 04.02.2014 and 25.03.2014, when the investors were not yet aware of the partnership talks, used this inside information to purchase ASYAB shares at a low price and, after Bank Asya publicly announced that partnership talks had begun with QIB, they sold the previously purchased ASYAB shares at a high price, thus gaining benefit; --- **Hasan SAYIN** is a privileged shareholder of Bank Asya A group, he attended the meeting held with Bank Asya A group privileged shareholders regarding strategic partnership

negotiations on 19.03.2014, Hasan SAYIN did not have ASYAB stock as of 07.03.2014, and as a result of the purchase and sale transactions he made in four days between 10.03.2014 and 17.03.2014, he increased his ASYAB stock to 317,000 units, one day before the meeting for the privileged shareholders on 18.03.2014.

You can access this document in the UYAP Information System at http://vatandas.uyap.gov.tr with 7HSdDe6 - POAMFJK - DWma9/+ - 0wDPqY=

As a result of the largest purchase transaction it carried out, it increased its ASYAB stock by 1,393,765 units, reaching 1,711,265 units, and disposed of the entire stock on 27.03.2014, and gained a realized benefit of 245,705.66 TL as a result of the transactions carried out in the said period;

--- ÿbrahim SAYIN is a privileged shareholder of Bank Asya Group A and attended the meeting held with Bank Asya Group A privileged shareholders regarding strategic partnership negotiations on 19.03.2014, and increased his ASYAB share stock to 999.755 by purchasing 50,000, 100,000 and 500,000 units in total on 12.03.2014, 14.03.2014 and 18.03.2014 before the special situation announcement, and sold 859,755 of this stock on 27.03.2014 after the special situation announcement, and made his highest net purchase during the review period on 17.03.2014, when he was called by Bank Asya officials for the meeting on 19.03.2014. Before the special situation announcement in the ASYAB stock market on 18.03.2014, it made 600,000 purchase transactions in the period 04.02.2014 - 25.03.2014 and made a sales transaction after 25.03.2014 and gained a realized benefit of 191,180 TL;

--- Muhammet Erhan KÖSEOÿLU, sent an order to the person named Muhammed Ali AYDIN, against whom a lawsuit was previously filed for the same crime, from the same IP address on the same date, 25.03.2014, right after Muhammed Ali AYDIN, and within the last two hours before the special situation announcement dated 25.03.2014, he purchased 40,000 ASYAB shares via the internet connection of the company owned by Muhammed Ali AYDIN and in which he himself carried out ASYAB transactions, and later on, on 27.03.2014 and 09.04.2014, he sold a total of 40,000 ASYAB shares, thus eliminating its stocks, and gaining a realized benefit of 18,800 TL as a result of these transactions; --- Cevdet TÜRKYOLU started to increase its ASYAB stock as of 24.12.2013 and increased its stock to 355,600 units

until 04.02.2014 when the first offer regarding the special situation announcement was submitted to Asya Katÿlÿm Bankasÿ, and after this date, he increased his stock to 2,800,000 units by making intensive purchases between 17.02.2014 and 28.02.2014 and then disposed of all of his ASYAB shares on 03.06.2014 after the special situation announcement, and made 2,444,400 purchases in the ASYAB share market between 04.02.2014 and 25.03.2014 and made sales after 25.03.2014 and gained a realized benefit of 1,070,158 TL;

--- It has been determined that Ferhat AKTAÿ purchased a total of 835,000 shares on the ASYAB equity market between 06.03.2014 and 10.03.2014 and 1,500,000 shares on 01.04.2014 after the announcement, and sold 1,577,000 shares on 07.04.2014, 08.04.2014 and 10.04.2014 after the special situation announcement, and in total, he made a net purchase of 835,000 shares on the ASYAB equity market between 04.02.2014 and 25.03.2014, and obtained a realized benefit of 437,417.5 TL by making sales after 25.03.2014.

The Board Decision-Making Body decided with the decision numbered 7/237 dated 03/03/2016; "It has been concluded that the transactions carried out by Asya Katÿlÿm Bankasÿ A.ÿ. (ASYAB) in the equity market before and after the special situation announcement dated 25.03.2014 can be evaluated within the scope of the crime of information abuse defined in article 106/1 of the CMB numbered 6362, and a criminal complaint should be filed against Cevdet TÜRKYOLU, Hasan SAYIN, ÿbrahim SAYIN, Ferhat AKTAÿ and Muhammet Erhan KÖSEOÿLU in order to take action within the scope of the said provision ." Suspects Hasan SAYIN, ÿbrahim

SAYIN, Muhammet Erkan KÖSEOÿLU and Ferhat AKTAÿ stated in their defenses that they did not accept the crime they were accused of. Despite all the investigations, it was not possible to obtain the defense of the suspect Cevdet TÜRKYOLU, who could not be obtained.

You can access this document in the UYAP Information System at http://vatandas.uyap.gov.tr with 7HSdDe6 - POAMFJK - DWma9/+ - 0wDPqY=

As a result of the investigation conducted by our Office of the Chief Public Prosecutor, it has been understood from the evidence, information and documents obtained and the findings in the Audit Report that the suspects obtained the share price they obtained before the public announcement dated 25.03.2014 in the Asya Katÿlÿm Bankasÿ A.ÿ. stock market and used the inside information that has not yet been disclosed to the public and that could affect the investors' decisions, and that they obtained benefits by selling the said shares after the public announcement, and thus committed the crime attributed to them.

The evidence is at the discretion of your court; It is requested and claimed on behalf of the public that the indictment prepared against the suspects be accepted, the suspects be tried for the crime they are accused of being tried in your court, and if it is proven that they committed the crime they are accused of, they be sentenced SEPARATELY in accordance with the above-mentioned referral articles that are appropriate for their actions. 20/06/2017

ALI KARABULUT 36919

Public Prosecutor

*It is e-signed*

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| The Republic of Turkey | ) |
|---|---|
| *Plaintiff* | ) |
| v. | )    Civil Action No. |
| | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                          Wells Fargo Bank, N.A.
                        1156 6th Avenue, New York, NY, 10036

*(Name of person to whom this subpoena is directed)*

🗐 *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See attachment A and B.

| Place: Neil P. Diskin | Date and Time: |
|---|---|
| Nixon Peabody LLP | |
| 55 West 46th Street, 24th Floor, New York, NY 10036 | |

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

CLERK OF COURT

                                                  OR

_____          _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

## Notice to the person who issues or requests this subpoena

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Attachment A**

*INSTRUCTIONS*

1. Prior to answering the following, you are requested to make a due and diligent search of your books, records, and papers, with a view to eliciting all information responsive to this subpoena.

2. If you object to any request on the basis of privilege, please identify the nature of the documents being withheld on that basis.

3. If any document responsive to this request was, but no longer is in your possession, state whether it is missing or lost; if it has been destroyed; if it has been transferred, voluntarily or involuntarily, to others; or if it has otherwise been disposed of. In each instance, identify the document fully, explain the circumstances, and identify the people having knowledge of such circumstances.

4. If you contend that any documents covered in these requests are not reasonably accessible or would be unduly burdensome to locate or produce, identify such documents by category and source and provide detailed information regarding the burden or cost you claim is associated with the search for or production of such documents.

5. To the extent documents produced in response to this request include electronic documents, such as spreadsheets or databases, please produce all such documents in native form, ensuring that all formulae and metadata embedded in such documents are produced.

6. To the extent you intend to not produce a requested document, you are directed to make and safeguard a copy of the requested information.

7. The relevant time period for documents responsive to the following requests shall be between December 18, 2002, until now.

*DEFINITIONS*

1. The term "communications" means any oral, written, or electronic transmission of information, including without limitation any face-to-face meetings, letters, emails, text messages, social media messaging, or telephone calls, chat rooms, or group list serves.

2. The term "document" is intended to be as comprehensive as the meaning provided in Rule 34 of the Federal Rules of Civil Procedure.

3. The term "person" means any individual, corporation, partnership, proprietorship, association, organization, governmental entity, group of persons, or any other entity of whatever nature.

4. The terms "relate to" or "relating to" means consisting of, referring to, regarding, reflecting, supporting, prepared in connection with, used in preparation of, or being in any way logically or factually connected with the matter discussed.

5. "Cevdet Turkyolu" refers to the individual who has Turkish ID Number 16901217478, and is identified in Attachment B to this subpoena.

6. " Hasan Sayin" refers to the individual identified in Attachment B to this subpoena.

7. " Ybrahym Sayin" refers to the individual identified in Attachment B to this subpoena.

8. "Muhammet Erhan Koseoylu" refers to the individual identified in Attachment B to this subpoena.

9. " Ferhat Aktay" refers to the individual identified in Attachment B to this subpoena.

10. The term "you" means WELLS FARGO, N.A. and all employees, agents, representatives, subsidiaries, affiliates, assignees, or other persons acting or purporting to act on its behalf.

## *DOCUMENTS TO BE PRODUCED*

1.  All documents relating to financial transactions made in U.S. dollars to, from, and through accounts held by, Cevdet Turkyolu, Hasan Sayin, Ybrahym Sayin, Muhammet Erhan Koseoylu, and/or Ferhat Aktay, including any financial transactions made through Wells Fargo as correspondent or intermediary bank. This includes all bank statements and any other records showing transfer of money and any other financial instrument, including but not limited to checks, wire transfers, or any other method of transfer between December 18, 2002 and the present.

2.  All documents and communications relating to Cevdet Turkyolu, Hasan Sayin, Ybrahym Sayin, Muhammet Erhan Koseoylu, and/or Ferhat Aktay, including all documents and communications relating to potential fraud, money laundering or suspicious activity related to them individually or collectively.

**Attachment B**

| TRANSFERER BANK CODE | TRANSFERER NAME | TRANSFERER TITLE | TRANSFERER TAX NUMBER | TRANSFERER BASE CITY | TRANSFER ER CITY | TRANSFERER ADDRESS | TRANSFERER PHONE | TRANSFER DATE | RECEIVER COUNTRY NAME | RECEIVER ADDRESS | RECEIVER BANK ACCOUNT NUMBER | RECEIVER BANK NAME | AMOUNT USD | ULKE_AD I_DZGN |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 64 | | HAMLE OTO KIRALAMA DANISMANL I | 4560065106 | ISPIR | ISTANBUL | BAGDAT CAD. USTUN IPEK APT. NO | 2165182525 | 7/17/2012 0:00 | ABD | CEVDET TURKYOLU | 200003068208S | WELLS FARGO BANK, N.A. SAN FRANCISCO,CA | 75,000 | ABD |
| 0203 | MAİL MEMET | ALİ ÇELİK | 19730246978 | ERZURUM | İSTANBUL | ÇINAR MH. ITIR ÇIKMAZI SOK. NO | 12051957 | 3/26/2013 0:00 | AMERİKABİRL | CEVDET TÜRKYOLU | 383010408432 | BANK OF AMERICA, N.A. | 300,000 | ABD |
| 0203 | MAİL MEMET | AHMET ÇELİK | 19733246814 | İSPİR | İSTANBUL | ZEYTİNLİK MH. F. KORUTÜRK CAD. | 24121955 | 3/26/2013 0:00 | AMERİKABİRL | CEVDET TÜRKYOLU | 383010408432 | BANK OF AMERICA, N.A. | 300,000 | ABD |
| 208 | MUHARREM | HASAN TÜRKYOLU | | SAKARYA | İSTANBUL | EMNİYET M.KISIKLI BÜYÜK ÇAMLIC | 10776 | 3/19/2004 0:00 | ABD | CEVDET TÜRKYOLU | | | 48,000 | ABD |
| 208 | MUHARREM | HASAN TÜRKYOLU | | SAKARYA | İSTANBUL | EMNİYET M.KISIKLI BÜYÜK ÇAMLIC | 10776 | 3/25/2004 0:00 | ABD | CEVDET TÜRKYOLU | | | 4,000 | ABD |
| 208 | | FEZA GAZETECİLİK A.Ş. FEZA GAZ | 3850077405 | İSTANBUL | İSTANBUL | FEVZİ ÇAKMAK MAH.AHMET TANERKI | 2124541454 | 10/16/2008 0:00 | ABD | CEVDET TÜRKYOLU | HES.NO:9428631381 | BANK OF AMERICA, N.A.,BANK OF AMERICA | 50,000 | ABD |
| 208 | | FEZA GAZETECİLİK ANONİM ŞİRKET | 3850077405 | İSTANBUL | İSTANBUL | FEVZİ ÇAKMAK MAH.AHMET TANERKI | 2124541454 | 6/18/2010 0:00 | ABD | CEVDET TÜRKYOLU | HES.NO:9428631381 | BANK OF AMERICA, N.A., | 65,000 | ABD |
| 208 | | FEZA GAZETECİLİK ANONİM ŞİRKET | 3850077405 | İSTANBUL | İSTANBUL | FEVZİ ÇAKMAK MAH.AHMET TANERKI | 2124541454 | 12/23/2011 0:00 | ABD | CEVDET TÜRKYOLU | HES.NO:9428631381 | BANK OF AMERICA, N.A., | 50,000 | ABD |
| 208 | | FEZA GAZETECİLİK ANONİM ŞİRKET | 3850077405 | İSTANBUL | İSTANBUL | FEVZİ ÇAKMAK MAH.AHMET TANERKI | 2124541454 | 12/30/2010 0:00 | ABD | CEVDET TÜRKYOLU | HES.NO:9428631381 | BANK OF AMERICA, N.A., | 40,000 | ABD |
| 208 | HASAN | CEVDET TÜRKYOLU | 1690121747 | ADAPAZARI | İSTANBUL | BÜYÜKÇAMLICA  CD.BAŞÇAY SK. 18 | 30.04.1960 | 8/23/2010 0:00 | ABD | CEVDET TÜRKYOLU | HES.NO:0669020009 | KABUL BANK, | 50,000 | ABD |
| 208 | HASAN | CEVDET TÜRKYOLU | 1690121747 | ADAPAZARI | İSTANBUL | BÜYÜKÇAMLICA  CD.BAŞÇAY SK. 18 | 30.04.1960 | 1/26/2012 0:00 | ABD | CEVDET TÜRKYOLU | HES.NO:009428631381 | BANK OF AMERICA, N.A., | 50,000 | ABD |
| 208 | HASAN | CEVDET TÜRKYOLU | 1690121747 | ADAPAZARI | İSTANBUL | BÜYÜKÇAMLICA  CD.BAŞÇAY SK. 18 | 30.04.1960 | 7/22/2014 0:00 | ABD | CEVDET TÜRKYOLU | HES.NO:1010058698741 | WELLS FARGO BANK, N.A., | 120,500 | ABD |
| 208 | HASAN | CEVDET TÜRKYOLU | 8800047662 | SAKARYA | İSTANBUL | BÜYÜKÇAMLICA  CDBAŞÇAY SK1 | 11960 | 1/12/2005 0:00 | ABD | CEVDET TÜRKYOLU | HesNo:9428631381 | BANK OF AMERICAHO | 21,950 | ABD |
| 208 | HASAN | CEVDET TÜRKYOLU | | | İSTANBUL | BÜYÜKÇAMLICA  CD. BAŞÇAY SK. 18 | 11960 | 12/18/2002 0:00 | ABD | CEVDET TÜRKYOLU FIRST UNION BANKBROADWAYWIND GAP | | | 22,000 | ABD |
| 208 | HASAN | CEVDET TÜRKYOLU | | | İSTANBUL | BÜYÜKÇAMLICA  CD. BAŞÇAY SK. 18 | 11960 | 12/20/2002 0:00 | ABD | CEVDET TÜRKYOLU FIRST UNION BANKBROADWAYWIND GAP | | | 92,000 | ABD |
| 208 | CEVDET | ESAT TÜRKYOLU | 16595227692 | ÜSKÜDAR | İSTANBUL | KISIKLI MAH.BAŞÇAY SOK NO:24/4 | 14.05.1995 | 6/9/2015 0:00 | ABD | CEVDET TÜRKYOLU | HES.NO:1010058698741 | WELLS FARGO BANK, N.A., | 50,000 | ABD |
| 208 | | FEZA GAZETECİLİK ANONİM ŞİRKET | 3850077405 | İSTANBUL | İSTANBUL | FEVZİ ÇAKMAK MAH.AHMET TANERKI | 2124541454 | 8/2/2012 0:00 | ABD | CEVDET TURKYOLU | HES.NO:1010058698741 | WELLS FARGO BANK, N.A., | 30,000 | ABD |
| 208 | | FEZA GAZETECİLİK ANONİM ŞİRKET | 3850077405 | İSTANBUL | İSTANBUL | FEVZİ ÇAKMAK MAH.AHMET TANERKI | 2124541454 | 12/23/2013 0:00 | ABD | CEVDET TURKYOLU | HES.NO:1010058698741 | WELLS FARGO BANK, N.A., | 60,000 | ABD |
| 208 | | FEZA GAZETECİLİK ANONİM ŞİRKET | 3850077405 | İSTANBUL | İSTANBUL | FEVZİ ÇAKMAK MAH.AHMET TANERKI | 2124541454 | 10/7/2014 0:00 | ABD | CEVDET TURKYOLU | HES.NO:1010058698741 | WELLS FARGO BANK, N.A., | 20,000 | ABD |

**TC**

**ISTANBUL**

**REPUBLIC CHIEF PROSECUTOR'S OFFICE**

**Anti-Smuggling, Narcotics and Economic Crimes Investigation Bureau**

**Investigation No:** 2016/49414 :
**Those are**       2017/18944
**not ÿddianame No :** 2017/13768

**TO THE 3RD CRIMINAL**

**COURT OF FIRST INSTANCE OF ISTANBUL, I DD I ANAME**

| | |
|---|---|
| **DONORS** | : K.H. |
| **COMPLAINANT** | : **CAPITAL MARKETS BOARD,** Eskiÿehir Road 8 Km. No:156 06530 ANKARA. |
| **ATTORNEY** | : **Attorney at Law EMRE SUBAÿI - Attorney at Law DÿLEK CENGÿZ,** Eskiÿehir Road 8 Km. No:156 Center/ANKARA. |
| **SUSPECTS** | : **1- HASAN SAYIN,** from OSMAN's son AYTAÇ, born on 19/08/1964, registered in Istanbul province, Sarÿyer district, Büyükdere village/neighborhood, volume 1, family row no. 284, row no. 15, resides at Kÿsÿklÿ Mah. Kÿsÿklÿ Büyük Çamlÿca Cad. No:17C Üsküdar/ ÿSTANBUL. |
| **DEFENDER** | : Atty. **ERKAN TERCAN,** Merkez Mah. Büyükdere Cad. No:21 Damla Apt. Floor:5 Flat:5 34384 ÿiÿli/ ÿSTANBUL. : **2- ÿBRAHÿM SAYIN,** son of OSMAN AYTAÇ, born on 01/05/1963, registered in Istanbul province Sarÿyer district Büyükdere village/ neighborhood, volume 1, family row no, row no 13, resides at Kÿsÿklÿ Mah. Kÿsÿklÿ Büyük Çamlÿca Cad. No:17F ÿç Kapÿ No:1 Üsküdar/ ÿSTANBUL. |
| **DEFENDER** | : Atty. **ERKAN TERCAN,** Merkez Mah. Büyükdere Cad. No:21 Damla Apt. Floor:5 Flat:5 34384 ÿiÿli/ ISTANBUL. : **3- MUHAMMET ERHAN KÖSEOÿLU,** son of HASAN from MAKBULE, born on 10/05/1974, registered in the Ekmekçiler village/neighborhood of Rize Central district, volume 14, family row number 36, row number 128, resides at Atatürk Mah. 3rd Street No:3G Interior Door No:51 Ataÿehir/ ÿSTANBUL. |
| **DEFENDER** | : Atty. **SEDAT POLAT,** Salacak Mah. Öÿdül Sk. Maiden's Tower Mansions No:29-33 B.2 D.5 Üsküdar/ ISTANBUL. : **4- CEVDET TÜRKYOLU,** son of HASAN from ZAHÿDE, born on 30/04/1960, registered in the Akÿncÿlar village/neighborhood of Adapazarÿ district of Sakarya province, volume 1, family serial number 225, serial number 75, resides at Beylerbeyi Mh. Çamlÿca Cad. No:18/4 Üsküdar/ ÿSTANBUL. |

1/4

|  | **: 5- FERHAT AKTAÿ,** son of TEVFÿK and ÿENGÜL, born on 08/04/1980, registered in the Yaylacÿk village/neighborhood of the Selim district of Kars province, volume 50, family serial number 32, serial number 36, resides at the address Bahçelievler Mah. Baÿÿt Sk. No:4 ÿç Kapÿ No:1 Üsküdar/ ÿSTANBUL. |
|---|---|
| **DEFENDER** | **: Atty. AZÿZ AKTAÿ,** Bahçelievler District, Ayla Street, No:15/2 34764 Üsküdar/ ÿSTANBUL. |
| **CRIME** **DATE AND PLACE OF CRIME** **SHIPPING ITEMS** | : Violation of the Capital Market Law No. 6362 : 25/03/2014 - ISTANBUL/SARIYER : Articles 106/1 of the Capital Market Law, 53/1 of the Turkish Penal Code. |
| **EVIDENCES** | : Claim, written application petition, defense statements of suspects, Inspection Report of the Capital Markets Board Market Supervision and Audit Department, Capital Markets Board decision, population and criminal record records and all document scope. |

### INVESTIGATION DOCUMENTS WERE REVIEWED:

With the written application petition numbered E.4368 and dated 18/04/2016, submitted to our Office of the Chief Public Prosecutor by the representatives of the Capital Markets Board, a criminal complaint was filed against the suspects Hasan SAYIN, ÿbrahim SAYIN, Muhammet Erhan KÖSEOÿLU, Cevdet TÜRKYOLU and Ferhat AKTAÿ, claiming that they committed the crime of *"Information Abuse"* .

According to the Audit Report numbered XXI-18/23-1, XXII-10/43-1, XXIV-12/52-7, XXV-10/34-1 dated 25.02.2016 prepared by the Board experts as a result of the examination of the transactions carried out before and after the special situation announcement regarding the commencement of strategic partnership negotiations with Qatar Islamic Bank (QIB) by Bank Asya, which was announced to the public by Bank Asya on 25.03.2014 at 17:50:40;

--- As a result of the special situation announcement of Bank Asya dated 25.03.2014, which was directed to all investors, the weighted average price of Bank Asya (ASYAB) shares increased by 58.18% until 28.03.2014, from 1.10 TL to 1.74 TL;

--- Approximately 1.5 months before the special situation statement made on 25.03.2014, on 04.02.2014, QIB representative Can GÜÇLÜ visited Bank Asya and expressed QIB's interest in becoming a strategic partner in Bank Asya, thus the process leading to the special situation statement began and since that date, various steps have been taken by Bank Asya-QIB officials towards the realization of the partnership;

--- Hasan SAYIN, ÿbrahim SAYIN, Muhammet Erhan KÖSEOÿLU, Cevdet TÜRKYOLU and Ferhat AKTAÿ, who had knowledge that partnership talks were held between Bank Asya and QIB between 04.02.2014 and 25.03.2014, when the investors were not yet aware of the partnership talks, used this inside information to purchase ASYAB shares at a low price and, after Bank Asya publicly announced that partnership talks had begun with QIB, they sold the previously purchased ASYAB shares at a high price, thus gaining benefit; --- **Hasan SAYIN** is a privileged shareholder of Bank Asya A group, he attended the meeting held with Bank Asya A group privileged shareholders regarding strategic partnership

negotiations on 19.03.2014, Hasan SAYIN did not have ASYAB stock as of 07.03.2014, and as a result of the purchase and sale transactions he made in four days between 10.03.2014 and 17.03.2014, he increased his ASYAB stock to 317,000 units, one day before the meeting for the privileged shareholders on 18.03.2014.

You can access this document in the UYAP Information System at http://vatandas.uyap.gov.tr with 7HSdDe6 - POAMFJK - DWma9/+ - 0wDPqY=

As a result of the largest purchase transaction it carried out, it increased its ASYAB stock by 1,393,765 units, reaching 1,711,265 units, and disposed of the entire stock on 27.03.2014, and gained a realized benefit of 245,705.66 TL as a result of the transactions carried out in the said period;

--- ÿbrahim SAYIN is a privileged shareholder of Bank Asya Group A and attended the meeting held with Bank Asya Group A privileged shareholders regarding strategic partnership negotiations on 19.03.2014, and increased his ASYAB share stock to 999.755 by purchasing 50,000, 100,000 and 500,000 units in total on 12.03.2014, 14.03.2014 and 18.03.2014 before the special situation announcement, and sold 859,755 of this stock on 27.03.2014 after the special situation announcement, and made his highest net purchase during the review period on 17.03.2014, when he was called by Bank Asya officials for the meeting on 19.03.2014. Before the special situation announcement on the ASYAB stock market on 18.03.2014, it made 600,000 purchase transactions in the period 04.02.2014 - 25.03.2014 and made a sales transaction after 25.03.2014 and gained a realized benefit of 191,180 TL;

--- Muhammet Erhan KÖSEOÿLU, sent an order to the person named Muhammed Ali AYDIN, against whom a lawsuit was previously filed for the same crime, from the same IP address on the same date, 25.03.2014, right after Muhammed Ali AYDIN, and within the last two hours before the special situation announcement dated 25.03.2014, he purchased 40,000 ASYAB shares via the internet connection of the company owned by Muhammed Ali AYDIN and in which he himself carried out ASYAB transactions, and later on, on 27.03.2014 and 09.04.2014, he sold a total of 40,000 ASYAB shares, thus eliminating its stocks, and gaining a realized benefit of 18,800 TL as a result of these transactions; --- Cevdet TÜRKYOLU started to increase its ASYAB stock as of 24.12.2013 and increased its stock to 355,600 units
until 04.02.2014 when the first offer regarding the special situation announcement was submitted to Asya Katÿlÿm Bankasÿ, and after this date, he increased his stock to 2,800,000 units by making intensive purchases between 17.02.2014 and 28.02.2014 and then disposed of all of his ASYAB shares on 03.06.2014 after the special situation announcement, and made 2,444,400 purchases in the ASYAB share market between 04.02.2014 and 25.03.2014 and made sales after 25.03.2014 and gained a realized benefit of 1,070,158 TL;

--- It has been determined that Ferhat AKTAÿ purchased a total of 835,000 shares on the ASYAB equity market between 06.03.2014 and 10.03.2014 and 1,500,000 shares on 01.04.2014 after the announcement, and sold 1,577,000 shares on 07.04.2014, 08.04.2014 and 10.04.2014 after the special situation announcement, and in total, he made a net purchase of 835,000 shares on the ASYAB equity market between 04.02.2014 and 25.03.2014, and obtained a realized benefit of 437,417.5 TL by making sales after 25.03.2014.

The Board Decision-Making Body decided with the decision numbered 7/237 dated 03/03/2016; "It has been concluded that the transactions carried out by Asya Katÿlÿm Bankasÿ A.ÿ. (ASYAB) in the equity market before and after the special situation announcement dated 25.03.2014 can be evaluated within the scope of the crime of information abuse defined in article 106/1 of the CMB numbered 6362, and a criminal complaint should be filed against Cevdet TÜRKYOLU, Hasan SAYIN, ÿbrahim SAYIN, Ferhat AKTAÿ and Muhammet Erhan KÖSEOÿLU in order to take action within the scope of the said provision ." Suspects Hasan SAYIN, ÿbrahim
SAYIN, Muhammet Erkan KÖSEOÿLU and Ferhat AKTAÿ stated in their defenses that they did not accept the crime they were accused of. Despite all the investigations, it was not possible to obtain the defense of the suspect Cevdet TÜRKYOLU, who could not be obtained.

3/4

As a result of the investigation conducted by our Office of the Chief Public Prosecutor, it has been understood from the evidence, information and documents obtained and the findings in the Audit Report that the suspects obtained the share price they obtained before the public announcement dated 25.03.2014 in the Asya Katÿlÿm Bankasÿ A.ÿ. stock market and used the inside information that has not yet been disclosed to the public and that could affect the investors' decisions, and that they obtained benefits by selling the said shares after the public announcement, and thus committed the crime attributed to them.

The evidence is at the discretion of your court; It is

requested and claimed on behalf of the public that the indictment prepared against the suspects be accepted, the suspects be tried for the crime they are accused of being tried in your court, and if it is proven that they committed the crime they are accused of, they be sentenced SEPARATELY in accordance with the above-mentioned

referral articles that are appropriate for their actions. 20/06/2017

ALI KARABULUT 36919

Public Prosecutor

**It is e-signed**

You can access this document in the UYAP Information System at http://vatandas.uyap.gov.tr with 7HSdDe6 - POAMFJK - DWma9/+ - 0wDPqY=