UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re Application of<br><br>THE REPUBLIC OF TÜRKIYE,<br><br>Applicant for an Order pursuant to<br>28 U.S.C. § 1782 to Conduct Discovery<br>for use in Foreign Proceedings | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF LAW IN SUPPORT OF APPLICATION
FOR AN ORDER UNDER 28 U.S.C. § 1782 TO CONDUCT DISCOVERY
FOR USE IN FOREIGN PROCEEDINGS**

4880-4414-5383.14

**TABLE OF CONTENTS**

Page

INTRODUCTION ...................................................................................................................1

FACTUAL BACKGROUND ..................................................................................................2

ARGUMENT ...........................................................................................................................2

    I.    The Application Satisfies the Statutory Requirements of Section 1782.........................3

        A.    The Respondent Banks Can Be Found in the Southern District of New York. ...................................................................................................................3

        B.    Applicant Seeks Discovery for Use in a Foreign Proceeding.............................3

        C.    Applicant is an Interested Person within the Meaning of Section 1782. ...........4

    II.    The Discretionary *Intel* Factors Favor Granting the Application. ..................................5

        A.    The Respondent Banks Are Not Participants in the Pending Prosecution of Turkyolu and the Other Defendants or Any other Foreign Proceeding.......................................................................................6

        B.    The Turkish Government is Receptive to U.S. Judicial Assistance. ..................6

        C.    The Application Is Not an Attempt to Circumvent Proof-Gathering Restrictions. .......................................................................................................7

        D.    The Discovery Sought Is Not Unduly Intrusive or Burdensome. ......................8

CONCLUSION........................................................................................................................9

# TABLE OF AUTHORITIES

**Cases**                                                                                                           **Page(s)**

*In re Accent Delight Int'l Ltd.*,
   869 F.3d 121 (2d Cir. 2017) ................................................................................................4

*In re Appl. of Hornbeam Corp.*,
   2014 WL 8775453 (S.D.N.Y. Dec. 24, 2014) ......................................................................9

*In re Appl. to Obtain Discovery for Use in Foreign Proceedings*,
   939 F.3d 710 (6th Cir. 2019) ................................................................................................6

*In re Application for an Order for Judicial Assistance in a Foreign Proceeding in the Labor Court of Brazil*,
   466 F. Supp. 2d 1020 (N.D. Ill. 2006) .................................................................................7

*In re Application for an Order Pursuant to 28 U.S.C. 1782*,
   773 F.3d 456 (2d Cir. 2014) .............................................................................................3, 4

*In re Ex Parte Application of Kleimar N.V.*,
   220 F. Supp. 3d 517 (S.D.N.Y. 2016) ..................................................................................3

*In re del Valle Ruiz*,
   939 F.3d 520 (2d Cir. 2019) ................................................................................................3

*In re Edelman*,
   295 F.3d 171 (2d Cir. 2002) ................................................................................................8

*Federal Republic of Nigeria v. VR Advisory Services, Ltd.*,
   27 F.4th 136 (2d Cir. 2022) .................................................................................................8

*In re Gianasso*,
   2012 WL 651647 (N.D. Cal. Feb. 28, 2012) .......................................................................4

*In re Hellard*,
   2022 WL 656792 (S.D.N.Y. Mar. 4, 2022) .........................................................................9

*Heraeus Kulzer, GmbH v. Biomet, Inc.*,
   633 F.3d 591 (7th Cir. 2018) ............................................................................................6, 7

*Intel Corp. v. Advanced Micro Devices, Inc.*,
   542 U.S. 241 (2004) ..................................................................................................*passim*

*Islamic Republic of Pakistan v. Arnold & Porter Kaye Scholer LLP*,
   2019 WL 1559433 (D.D.C. Apr. 10, 2019) ........................................................................5

*In re Letter of Request from Crown Prosecution Serv. of United Kingdom*,
   870 F.2d 686 (D.C. Cir. 1989) ............................................................................................1

*In re Mangouras*,
    2017 WL 4990655 (S.D.N.Y. Oct. 30, 2017) ...................................................................... 4

*Mangouras v. Squire Patton Boggs*,
    980 F.3d 88 (2d Cir. 2020) ................................................................................................. 4

*Mees v. Buiter*,
    793 F.3d 291 (2d Cir. 2015) ...................................................................................... *passim*

*In re Microsoft Corp.*,
    428 F. Supp. 2d 188 (S.D.N.Y. 2006) ................................................................................ 7

*Schmitz v. Bernstein Liebhard & Lifshitz, LLP*,
    376 F.3d 79 (2d Cir. 2004) ........................................................................................ 3, 5, 6

*In re Steinmetz*,
    No. 20-MC-212, 2022 WL 170851 (S.D.N.Y. Jan. 19, 2022) ........................................... 3

**Statutes**

28 U.S.C. § 1782 ................................................................................................................ *passim*

**Other Authorities**

Hans Smit, International Litigation under the United States Code, 65 Colum. L.
    Rev. 1015 (1965) ................................................................................................................ 5

The Republic of Türkiye ("Applicant") respectfully submits this Memorandum of Law in Support of its Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding ("Application") by serving the subpoenas attached as Exhibit 3 on Bank of America, N.A. and Wells Fargo Bank, N.A. (the "Respondent Banks").

## **INTRODUCTION**

Applicant seeks the Court's assistance in furthering a criminal prosecution of its own citizens for potential violations of its criminal code. 28 U.S.C. § 1782 is an appropriate legal avenue to make such a request. Congress manifested its clear intent in enacting Section 1782 that U.S. courts be open and available to foreign nations when they seek the assistance of the United States in their administration of justice. *See, e.g.*, *In re Letter of Request from Crown Prosecution Serv. of United Kingdom*, 870 F.2d 686, 690 (D.C. Cir. 1989) (["T]he expectation or hope was that by making assistance generously available through the good offices of United States officials and courts, our country would set an example foreign courts and authorities could follow when asked to render aid to United States courts, authorities, and litigators.").

Applicant seeks the Court's assistance in gathering records of financial transactions for use in a pending prosecution for insider trading, as well as an ongoing investigation of potential money laundering. *See generally* Exhibit 2 ("Kacmaz Declaration"). The discovery sought is not unusual or unduly burdensome. Financial records are frequently the subject of Section 1782 applications, the request is narrowly tailored, and the Respondent Banks have the resources to ensure collecting and producing the requested documents will be relatively quick and inexpensive. As explained below, Applicant's request satisfies both the statutory requirements as well as the discretionary factors of Section 1782, and therefore this Court should grant it.

1

**FACTUAL BACKGROUND**

The Chief Prosecutor's Office in Türkiye is currently prosecuting a network of individuals that they believe have engaged in insider trading in violation of Turkish law. *See* Exhibit 3; Kacmaz Declaration. Applicant has identified several suspicious financial transactions that one of the individuals charged, Cevdet Turkyolu, initiated through the Respondent Banks. *See* Attachment B to Exhibit 3; Kacmaz Declaration ¶ 6. Applicant seeks discovery in the form of financial records, specifically documents relating to transactions to, from, and through accounts held by the Respondent Banks that Turkyolu and others used on and after the date of the transactions described.

Respondent Bank of America, N.A. is a U.S. bank with branches across the United States, including a branch in this judicial district located at One Bryant Park, West 42nd Street, New York, NY 10036. Respondent Wells Fargo Bank, N.A. is a U.S. bank with branches across the United States, including a branch in this judicial district located at 1156 6th Avenue, New York, NY, 10036. In addition to the pending prosecution of Turkyolu and the other individuals named in the Turkish indictment attached hereto as Exhibit 4, there is an ongoing and active criminal investigation by Applicant into potential money laundering by Turkyolu and those individuals. *See* Kacmaz Declaration ¶ 5. The Application presented, and the information requested in the proposed subpoenas, is an attempt to collect discovery that may aid in this ongoing investigation as well. For the reasons that follow, this Court should grant the Application.

**ARGUMENT**

Section 1782 allows the district court to order discovery for use in foreign proceedings, "including criminal investigations conducted before formal accusation." 28 U.S.C. § 1782(a). An application for discovery under Section 1782 may be properly granted where, as here, it satisfies the statutory requirements and the discretionary factors to be considered weigh in its favor.

2

I. **The Application Satisfies the Statutory Requirements of Section 1782.**

An application under Section 1782 must initially satisfy three statutory requirements:

> (1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign [or international] tribunal, and (3) the application is made by a foreign or international tribunal or any interested person.

*Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015) (quoting *Brandi-Dohrn v. IKB Deutsche Industriebank AG,* 673 F.3d 76, 80 (2d Cir. 2012)). The Application satisfies these requirements.

        A. *The Respondent Banks Can Be Found in the Southern District of New York.*

The first statutory requirement of Section 1782 is met when the entity from which discovery is sought "resides or is found in the district of the district court to which the application is made." *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83 (2d Cir. 2004) (alteration and internal quotation marks omitted). "[T]he statutory scope of 'found' extends to the limits of personal jurisdiction consistent with due process." *In re Steinmetz*, No. 20-MC-212, 2022 WL 170851 (S.D.N.Y. Jan. 19, 2022) (quoting *In re del Valle Ruiz*, 939 F.3d 520, 527 (2d Cir. 2019)). Here, the Respondent Banks both maintain offices in the district and "conduct systematic and regular business in the United States and New York . . . such that [they] reside[] or [are] found in New York for the purposes of Section 1782." *In re Ex Parte Application of Kleimar N.V.*, 220 F. Supp. 3d 517, 521 (S.D.N.Y. 2016).

        B. *Applicant Seeks Discovery For Use in a Foreign Proceeding.*

The second statutory requirement of Section 1782 is that "the discovery [sought] is for use in a foreign proceeding before a foreign [or international] tribunal." *Mees*, 793 F.3d at 297. This "includ[es] criminal investigations conducted before formal accusation." 28 U.S.C. § 1782(a). *See also In re Appl. for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings*, 773 F.3d 456, 464 (2d Cir. 2014) ("28 U.S.C. § 1782 permits district courts

3

to order the production of discovery for use in a foreign criminal investigation being conducted by an investigating [public prosecutor]"). Several courts have thus granted discovery requests connected to ongoing criminal investigations. *See, e.g.*, *In re Accent Delight Int'l Ltd.*, 869 F.3d 121 (2d Cir. 2017) (request granted for use in criminal fraud investigation relating to prominent artwork); *In re Appl.*, 773 F.3d at 464 (request granted for use in Ponzi scheme investigation); *In re Mangouras*, 2017 WL 4990655 (S.D.N.Y. Oct. 30, 2017) (request granted for anticipated use of filing criminal complaint relating to the provision of false testimony), *vacated and remanded on other grounds sub nom. Mangouras v. Squire Patton Boggs*, 980 F.3d 88 (2d Cir. 2020); *In re Gianasso*, 2012 WL 651647 (N.D. Cal. Feb. 28, 2012) (request granted for use in criminal defamation investigation).

Here, the second statutory factor is satisfied because Turkyolu and the other four named defendants in the attached indictment have already been charged with insider trading. *See* Exhibit 4 at 1. There is also an ongoing and active "foreign criminal investigation" into potential money laundering offenses committed by Turkyolu and the others being conducted "by a [public prosecutor]." *In re Appl.*, 773 F.3d at 464; Kacmaz Declaration ¶¶ 2, 3. The evidence sought from the Respondent Banks also meets the standard of the "for use" requirement because it will serve "some use" in the foreign proceedings. *Mees*, 793 F. 3d at 298. Bank records of Turkyolu and his co-defendants would be relevant evidence in a potential money laundering prosecution, and would be admissible in Turkish courts. *See* Kacmaz Declaration ¶ 8. For these reasons, the statutory "for use" requirement of Section 1782 is met in this case.

## C. Applicant is an Interested Person within the Meaning of Section 1782.

The third and final statutory factor assesses whether the applicant is an "interested person" in the foreign proceeding for which discovery is sought. 28 U.S.C. § 1782(a). There is "[n]o doubt litigants are included among, and may be the most common example of, the 'interested person[s]'

4

who may invoke § 1782." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004). An interested person is anyone possessing "a reasonable interest in obtaining [judicial assistance]," which permits "not only litigants before foreign or international tribunals, but also foreign and international officials" to obtain discovery through Section 1782. *Id.* at 257 (quoting Hans Smit, International Litigation under the United States Code, 65 Colum. L. Rev. 1015, 1027 (1965)).

Applicant is the sovereign in whose name the current prosecution and investigation into the activities of Turkyolu and his co-defendants has been brought. *See* Exhibit 4 at 1. Applicant is also an "interested person" because as the foreign government overseeing the ongoing criminal investigation for which discovery is requested, it has a paramount interest in obtaining judicial assistance in that effort. *See* Kacmaz Declaration ¶ 8; *see also Islamic Republic of Pakistan v. Arnold & Porter Kaye Scholer LLP*, No. 18-103, 2019 WL 1559433, at *6 (D.D.C. Apr. 10, 2019) (finding Pakistan was an "interested person for the purposes of § 1782.") (internal marks omitted). Applicant is thus an "interested person" under Section 1782, and so the third and final statutory requirement is satisfied.

**II.     The Discretionary *Intel* Factors Favor Granting the Application.**

If the Court determines that the statutory factors are satisfied, it may grant discovery in its discretion. *See Intel*, 542 U.S. at 264; *Schmitz*, 376 F.3d at 83–84. "This discretion, however, is 'not boundless,' but must be exercised 'in light of the twin aims of the statute: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.'" *Mees*, 793 F.3d at 297–98 (quoting *Schmitz*, 376 F.3d at 84).

In *Intel*, the Supreme Court identified four additional "factors that bear consideration in ruling on a § 1782(a) request." 542 U.S. at 264. These are: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign

5

tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Id.* at 264–65; *see also Mees*, 793 F.3d at 298. Each of the *Intel* factors weighs in favor of granting the Application.

### A.   The Respondent Banks Are Not Participants in the Pending Prosecution of Turkyolu and the Other Defendants or Any other Foreign Proceeding.

The first *Intel* factor asks the court to consider whether the parties from whom discovery is sought are "participant[s] in the foreign proceeding." *Intel,* 542 U.S. at 264. When a respondent is not a party to the foreign proceeding, "[its] evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id.*; *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 596 (7th Cir. 2018) (granting request where Petitioner was seeking discovery that was unobtainable in Germany); *see also In re Appl. to Obtain Discovery for Use in Foreign Proceedings*, 939 F.3d 710, 731 (6th Cir. 2019). Here, neither of the Respondent Banks are parties to the criminal proceedings that have been initiated in Türkiye and they are both located outside the jurisdictional reach of Turkish courts. Granting the Application would not force any party to proceed in two separate court systems. As such, the first *Intel* factor weighs in Applicant's favor.

### B.   The Turkish Government is Receptive to U.S. Judicial Assistance.

The second *Intel* factor also weighs in Applicant's favor. In some cases, courts have declined to grant Section 1782 discovery requests where foreign tribunals or foreign governments have expressly objected to the assistance of U.S. courts. *See, e.g., Schmitz*, 376 F.3d at 84 ("In this case, the German government was obviously unreceptive to the judicial assistance of an American federal court."); *In re Microsoft Corp.*, 428 F. Supp. 2d 188, 194 (S.D.N.Y. 2006) ("[T]he

6

Commission has explicitly stated that it opposes the discovery sought by Microsoft and is not receptive to U.S. judicial assistance."). This is not one of those instances, however. There is no indication that Turkish courts would be unreceptive to materials discovered under Section 1782. *See Heraeus*, 633 F.3d at 596 ("[T]here is no indication that the German court in which Heraeus's suit against Biomet is pending would refuse to admit evidence that Heraeus obtained through U.S. discovery . . ."); *In re Application for an Order for Judicial Assistance in a Foreign Proceeding in the Labor Court of Brazil*, 466 F. Supp. 2d 1020, 1032 (N.D. Ill. 2006) (granting discovery request where respondent failed to show foreign tribunal would be unreceptive to Section 1782 materials). In fact, this very petition arises from the Turkish government seeking the assistance of U.S. courts in furthering an important, ongoing criminal investigation in Türkiye. *See* Kacmaz Declaration ¶¶ 2, 7. Thus, the second *Intel* factor also weighs in favor of granting the Application.

### C. The Application Is Not an Attempt to Circumvent Proof-Gathering Restrictions.

The third *Intel* factor considers "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. "Proof-gathering restrictions are best understood as rules akin to privileges that *prohibit* the acquisition or use of certain materials, rather than as rules that *fail to facilitate* investigation of claims by empowering parties to require their adversarial and non-party witnesses to provide information." *Mees*, 793 F.3d at 303 n.20 (internal quotation marks omitted) (emphasis in original). There is no rule or privilege in Turkish courts that prevents discovery of the information pertaining to Turkyolu and others that is held by the Respondent Banks.

Applicant is also not circumventing the Mutual Legal Assistance Treaty ("MLAT") between the United States and the Republic of Türkiye by filing an application under Section 1782. The Second Circuit has directly held that a foreign state may choose to file a Section 1782

7

application without first requesting discovery through MLAT procedures. *See Federal Republic of Nigeria v. VR Advisory Services, Ltd.*, 27 F.4th 136, 157 (2d Cir. 2022).[1] A foreign country's decision to file a Section 1782 is not "circumvent[ion]" within the meaning of the third *Intel* factor, unless the treaty unmistakenly expresses a policy that it takes priority over Section 1782. *Id.*

The present Section 1782 application is a straightforward request that is not designed to circumvent any U.S. or foreign discovery procedure. Applicant seeks to avail itself of the procedure that Section 1782 offers to collect documents that it otherwise could not access to aid in an ongoing criminal investigation regarding money laundering, and a prosecution that has already been initiated for insider trading by Turkyolu. *See* Kacmaz Declaration ¶¶ 3-6. The third *Intel* factor thus also favors granting the Application.

### D.     The Discovery Sought Is Not Unduly Intrusive or Burdensome.

Under the fourth *Intel* factor, courts may also consider whether the request under Section 1782 is "unduly intrusive or burdensome" and should be "rejected or trimmed." *Intel*, 542 U.S. at 265. A "district court evaluating a § 1782 discovery request should assess whether the discovery sought is overbroad or unduly burdensome by applying the familiar standards of Rule 26 of the Federal Rules of Civil Procedure." *Mees*, 793 F.3d at 302 (citing *In re Edelman*, 295 F.3d 171, 179 (2d Cir. 2002)). Here, the discovery sought is appropriately limited in time and scope to aid in Applicant's prosecution of Turkyolu, as well as his co-defendants, and the ongoing investigation into their money laundering activities. *See* Kacmaz Declaration ¶¶ 3, 6. Furthermore, bank records are regularly produced in response to Section 1782 petitions in this District. *See, e.g.*, *In re Hellard*, No. 121MC00864GHWKHP, 2022 WL 656792 at *2 (S.D.N.Y. Mar. 4, 2022) ("Bank[] records .

---

[1] The Second Circuit stated that the district court effectively erected an impermissible "extra-statutory barrier[ ] to discovery" under Section 1782 by ruling the failure to use MLAT procedures constituted circumvention under the third *Intel* factor. *Id.* at 141 (internal quotation omitted).

8

. . are routinely sought and produced via § 1782 petitions."); *In re Appl. of Hornbeam Corp.*, 2014 WL 8775453, at *5 (S.D.N.Y. Dec. 24, 2014) (ordering production of bank records, including wire transfers, pursuant to Section 1782). Thus, the fourth *Intel* factor supports granting the Application.

## CONCLUSION

For the foregoing reasons, Applicant respectfully asks this Court to enter the Proposed Order attached to the Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings as Exhibit 1 and permit it to serve the subpoenas attached to the Application as Exhibit 3.

Dated: December 3, 2024                                        Respectfully submitted,

*/s/ Neil P. Diskin*
NIXON PEABODY LLP
55 W. 46th St., Tower 46
New York, NY 10036
(212) 940-3030 (telephone)
ndiskin@nixonpeabody.com

John R. Sandweg
Brian A. Hill
*Pro Hac Vice Applications Forthcoming*
NIXON PEABODY LLP
799 Ninth Street, NW, Suite 500
Washington, D.C. 20001-4501
(202) 585-8189 (telephone)
jsandweg@nixonpeabody.com
bhill@nixonpeabody.com

*Counsel for Petitioner*