UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of<br>THE REPUBLIC OF TÜRKIYE<br>Applicant for an Order pursuant to 28 U.S.C. § 1782 to Conduct Discovery for use in Foreign Proceedings | Case No. 1:24-mc-00557-JPC<br>**Oral Argument Requested** |

**CEVDET TURKYOLU'S SUPPLEMENTAL BRIEF ADDRESSING APPROPRIATE REMEDIES FOR THE BANK RECORDS PRODUCED IN RESPONSE TO THE QUASHED SUBPOENAS AND VACATED AUTHORIZING ORDER**

STEPTOE LLP

Michael C. Miller
Daniel W. Podair
1114 Avenue of the Americas
New York, NY 10036
(212) 506-3900
mmiller@steptoe.com
dpodair@steptoe.com

*Counsel for Cevdet Turkyolu*

Dated: August 18, 2025

# Table of Contents

INTRODUCTION ..... 1

BACKGROUND ..... 2

ARGUMENT ..... 6

I. The Court Should Order the Proposed Remedial Measures ..... 6

II. Turkey's Status as a Foreign Sovereign Does Not Restrict the Court's Ability to Order the Proposed Remedial Measures ..... 7

CONCLUSION ..... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allison v. Clos-ette Too, L.L.C.*,
No. 14 Civ. 1618(LAK)(JCF), 2015 WL 136102 (S.D.N.Y. Jan. 9, 2015)..............................6

*Drexel Burnham Lambert Grp., Inc. v. Comm. of Receivers for Galadari*,
12 F.3d 317 (2d Cir. 1993)..............................7

*EM Ltd. v. Republic of Arg.*,
695 F.3d 201 (2d Cir. 2012), *aff'd*, 573 U.S. 134 (2014)..............................2, 8

*Jacubovitch v. Israel*,
397 F.Supp.3d 388 (S.D.N.Y. 2019), *aff'd*, 816 F. App'x 505 (2d Cir. 2020)..............................5

*Mangouras v. Squire Patton Boggs*,
980 F.3d 88 (2d Cir. 2020)..............................6

*Mirra v. Jordan*,
No. 13 Civ. 5519(AT), 2014 WL 2511020 (S.D.N.Y. May 28, 2014)..............................6

*Nat'l City Bank of N.Y. v. Republic of China*,
348 U.S. 356 (1955)..............................8

*Silverstone Holding Grp., LLC v Zhongtie Dacheng (Zhuhai) Inv. Mgmt. Co., Ltd.*,
650 F. Supp.3d 199 (S.D.N.Y. 2023)..............................6

*Smith v. Socialist People's Libyan Arab Jamahiriya*,
101 F.3d 239 (2d Cir. 1996)..............................7

*Villarreal v. U.S.*,
No. 2:11–CV–1594 JCM (GWF), 2013 WL 3200084 (D. Nev. Jun. 21, 2013)..............................5

**Statutes**

28 U.S.C. § 1605(a)(1)..............................7

28 U.S.C. § 1607..............................8

28 U.S.C. § 1782.............................. *passim*

Foreign Sovereign Immunities Act..............................8

Fed. R. Civ. P. 45(a)(4)..............................2, 3, 5

**INTRODUCTION**

The Republic of Türkiye ("Turkey") should be ordered to (a) destroy and/or return all copies of the documents it impermissibly obtained from Bank of America, N.A. and Wells Fargo Bank, N.A. (the "Banks" and the "Bank Records") in response to the now quashed subpoenas (the "Subpoenas")[1], (b) destroy and/or return all documents containing or reflecting any of the information contained in the Bank Records, (c) refrain from otherwise reviewing and/or making use of the information contained in the Bank Records, and (d) confirm in writing what specific steps it has taken to comply with the Court's orders in this matter and that it is in full compliance with the orders (collectively the "Proposed Remedial Measures").[2]

The Court is empowered to issue the Proposed Remedial Measures for at least the following two reasons.

First, courts in this District have long recognized that where a party has obtained documents or information pursuant to an invalid or quashed subpoena, the appropriate remedies

[1] *See* ECF No. 35 (August 1, 2025, Opinion and Order, i.e., the "August Order," quashing the Subpoenas and vacating the Court's December 17, 2024 Order authorizing service of the Subpoenas, *i.e.*, the "Authorizing Order").

[2] Earlier this evening, counsel for Turkey reported to the Court that "we have directed our client to destroy all copies of the documents produced by the Respondent Banks in response to the subpoenas." *See* ECF No. 36, Letter from Alper Tosun, dated August 18, 2025 ("Letter"). However, Turkey has not certified that it (a) has complied with counsel's directive to destroy all copies of the Bank Records, (b) has destroyed and/or returned all documents containing or reflecting any of the information contained in the Bank Records and (c) will refrain from otherwise reviewing and/or making use of the information contained in the Bank Records. Without Turkey providing a certification that it has taken each of these steps, Turkey will be able to continue reviewing and making use of the Bank Records and the information contained therein. Therefore, the Proposed Remedial Measures are warranted and necessary.

Turkey has also refused to confirm with Mr. Turkyolu that is has complied with the August Order, which emphasizes the need for detailed confirmation regarding its compliance with prior orders and any forthcoming order. Turkey has ignored Mr. Turkyolu's repeated requests to confirm that it has served copies of the August Order on the Banks. *See* ECF No. 35 at 32 (requiring that Turkey serve the Banks with copies of the August Order no later than August 6, 2025).

are (a) requiring the receiving party to destroy and/or return to the sender the produced documents and information, and (b) enjoining the receiving party from otherwise reviewing or making use of the information contained in the produced documents.

Second, the Foreign Sovereign Immunities Act does not limit the Court's ability to order the Proposed Remedial Measures. Turkey does not dispute that it has waived sovereign immunity by affirmatively seeking the Court's assistance under 28 U.S. Code § 1782 (respectively the "Application" and "Section 1782"), availing itself of the Court's Authorizing Order by serving the Subpoenas on the Banks, and receiving the Bank Records from the Banks. Therefore, Turkey cannot invoke its status as a foreign sovereign to prevent the Court from exercising its "broad latitude to determine the scope of discovery and manage the discovery process" in this proceeding. *EM Ltd. v. Republic of Arg.*, 695 F.3d 201, 207 (2d Cir. 2012), *aff'd*, 573 U.S. 134 (2014).[3]

**BACKGROUND**

On December 3, 2024, Turkey filed an *ex parte* Application seeking to serve the Subpoenas on the Banks pursuant to Section 1782 in support of a purported insider trading prosecution and an alleged money laundering investigation concerning Mr. Turkyolu and four other individuals. *See* ECF No. 1. Mr. Turkyolu and the four other ultimate targets of Turkey's request (the "Other Discovery Targets") are members of the Gülen Movement, a faith based civic society initiative which has been targeted by Turkey's government for political reasons. Mr. Turkyolu respectfully refers the Court to his Memorandum of Law in Support of his Motion

[3] Mr. Turkyolu has also requested that the Court's final order in this matter direct Turkey to (a) reimburse Mr. Turkyolu's costs, including attorney's fees, incurred in connection with Turkey's failure to comply with Fed. R. Civ. P. 45(a)(4) and Mr. Turkyolu's motion to intervene, and (b) include a copy of the Court's orders in this matter in future Section 1782 applications. Mr. Turkyolu has not addressed this requested relief in this submission because it is outside of the scope of the Court's request for supplemental briefing.

to Quash and Vacate the Authorizing Order (the "Motion") for additional background on the Gülen Movement, his involvement in the Gülen Movement, and the current Turkish government's repressive campaign against the Gülen Movement. *See* ECF No. 24 at 9-13.

On December 17, 2024, the Court issued the Authorizing Order permitting Turkey to serve the Subpoenas on the Banks. *See* ECF No. 5. Turkey served the Subpoenas on the Banks on December 18, 2024 (Bank of America, N.A.) and December 23, 2024 (Wells Fargo Bank, N.A.). *See* ECF No. 25-2. However, Turkey did not serve Mr. Turkyolu or the Other Discovery Targets with notice or copies of the Subpoenas as required by Fed. R. Civ. P. 45(a)(4). Therefore, by the time Mr. Turkyolu learned of the Subpoenas, the Banks had already produced the Bank Records to Turkey.

On April 4, 2025, Mr. Turkyolu appeared in this matter, seeking leave to intervene and file the Motion. *See* ECF No. 8. On April 11, 2025, following a conference with Turkey and Mr. Turkyolu, the Court (a) granted Mr. Turkyolu leave to intervene and file the Motion and (b) ordered the following preliminary relief as relevant to this submission:

> 2. Applicant shall take reasonable steps to identify and secure all copies of materials produced to it under the subpoenas and to prevent copies of such materials from being shared with any parties other than Mr. Turkyolu, the Respondent Banks, and the other defendants in the Turkish criminal proceedings underlying the application in this matter—Hasan Sayin, Ybrahym Sayin, Muhammet Erhan Koseoylu, and Ferhat Aktay (the "Other Defendants")…
>
> 3. Except to the extent necessary to identify and secure all copies of the materials produced pursuant to the subpoenas, Applicant shall

> immediately cease reviewing and/or making further use of any materials already received under the subpoenas. Applicant shall refrain from filing any additional applications for discovery, whether under 28 U.S.C. § 1782 or otherwise, that rely in any part on materials produced pursuant to the subpoenas in this matter.

ECF No. 15 at 1-2.

During the conference, the Court concluded that it had the authority to issue the preliminary relief notwithstanding Turkey's status as a foreign sovereign. *See* Transcript of April 11, 2025 Conference at 26:25-27:4 ("my initial reaction is that it seems doubtful that a foreign state will be able to avail itself of the benefits of seeking discovery under Section 1782 while also avoiding compliance with related discovery orders on the grounds of sovereign immunity."); *see* Exhibit A. As explained herein, there is no reason for the Court to deviate from its initial conclusion.

Mr. Turkyolu argued, in support of his Motion, that Turkey's status as a foreign sovereign does not bar the Court from ordering Turkey to "cease using, and to destroy, all copies of the" the Bank Records. *See* ECF No. 24 at 9, 30-31; *see also* ECF No. 29 at 15. In response, Turkey did not deny that it had voluntarily subjected itself to the Court's jurisdiction by filing the Application, serving the Subpoenas, and receiving the Bank Records. Instead, Turkey asked the Court to agree that Turkey can voluntarily avail itself of Section 1782 discovery in this Court without having to abide by the rules attendant to that discovery process. *See* ECF No. 28 at 24-27. Turkey provided no authority for its

extraordinary request.[4]

On August 1, 2025, the Court issued the August Order, quashing the Subpoenas and vacating the Authorizing Order. *See* ECF No. 35. The Court concluded that "the materials submitted by Türkiye in support of its application— a three-page declaration and a copy of a 2017 insider-trading indictment—do not adequately support its request for discovery in light of Turkyolu's colorable allegations of improper motive." *Id.* at 2. The Court also held that Turkey violated Fed. R. Civ. P. 45(a)(4) by failing to serve Mr. Turkyolu and the Other Discovery Targets of Turkey's Application with notices and copies of the Subpoenas. *Id.* at 13-18. The Court directed the parties to submit supplemental briefing "addressing the appropriate remedy with respect to the documents that have already been produced pursuant to the Subpoenas." *Id.* at 32.

[4] Turkey has not cited any authority for its troubling assertion that it is immune from any Court order directing it to destroy the Bank Records. Turkey incorrectly claimed in opposition to the Motion that the Second Circuit has "noted a finding of [a] district court that implied waiver based on a foreign state responding to Section 1782 would be inconsistent with congressional intent." ECF No. 28 at 26. Neither the district court nor the Second Circuit expressed any concern about waiver where the foreign sovereign has actively participated in the *very same action*, no less where it has affirmatively initiated that proceeding. *See Jacubovitch v. Israel*, 397 F.Supp.3d 388, 395 (S.D.N.Y. 2019), *aff'd*, 816 F. App'x 505 (2d Cir. 2020) ("And on the § 1782 point, the plaintiffs cite absolutely no support for the dubious proposition that a foreign sovereign can be stripped of its immunity as a consequence of having complied with a subpoena in *an entirely separate action*.") (emphasis added).

In its Letter, Turkey cites *Villarreal v. U.S.*, No. 2:11–CV–1594 JCM (GWF), 2013 WL 3200084, at *5 (D. Nev. Jun. 21, 2013) for the proposition that the Court "may not have the authority to order Applicant to destroy the documents in its possession." *See* ECF Doc. 36. *Villarreal* is completely inapposite. In *Villarreal*, the foreign government at issue had not affirmatively submitted to the court's jurisdiction.

## ARGUMENT

### I. The Court Should Order the Proposed Remedial Measures

Turkey should be ordered to comply with the Proposed Remedial Measures.

Where discovery is improvidently obtained, "[a court] is positioned to grant meaningful relief by ordering that the documents be returned or destroyed." *Mangouras v. Squire Patton Boggs*, 980 F.3d 88, 96 (2d Cir. 2020) (recognizing remedy where documents have already been obtained in connection with a deficient Section 1782 petition).

Therefore, courts in this District have consistently held that where a party has obtained documents or information pursuant to an invalid or quashed subpoena, the appropriate response is to issue an order (a) directing the receiving party to destroy and/or return the produced documents and information and (b) enjoining the party from further review or use of information contained in the documents. *See Mirra v. Jordan*, No. 13 Civ. 5519(AT), 2014 WL 2511020, at *3 (S.D.N.Y. May 28, 2014) ("[t]o the extent Defendant has already received information or documents…Defendant is enjoined from reviewing any such information, must return such information to the producing party, and must provide Plaintiff with notice of such information."); *Silverstone Holding Grp., LLC v Zhongtie Dacheng (Zhuhai) Inv. Mgmt. Co., Ltd.,*, 650 F. Supp.3d 199, 204 (S.D.N.Y. 2023) ( "[t]o the extent Chase has already produced information in response to Zhongtie's subpoena… information already produced by Chase must be destroyed."); *Allison v. Clos-ette Too, L.L.C.,* No. 14 Civ. 1618(LAK)(JCF), 2015 WL 136102, at *10 (S.D.N.Y. Jan. 9, 2015) ("[t]he defendants are enjoined from reviewing the information provided to them by the University, must return such information to the University, and must provide to the plaintiff copies of any information they have already reviewed.").

Any remedy that does not direct Turkey to destroy and/or return all copies of the Bank Records and the information contained therein will permit Turkey to continue using the Bank Records and benefit from its deficient Application and its failure to abide by the Federal Rules of Civil Procedure. The Court should therefore claw back the Bank Records and the information contained therein and enjoin Turkey from otherwise reviewing or making use of such information. In light of Turkey's failure to confirm its compliance with the August Order, Turkey should be also directed to detail the specific steps it has taken to comply with the Court's orders in this matter and that it is in full compliance with the orders.

## II. Turkey's Status as a Foreign Sovereign Does Not Restrict the Court's Ability to Order the Proposed Remedial Measures

Turkey's status as a foreign sovereign does not limit the Court's ability to exercise jurisdiction over Turkey in this proceeding and order the Proposed Remedial Measures.

28 U.S.C. § 1605(a)(1) provides that sovereign immunity does not apply where "the foreign state has waived its immunity either explicitly or by implication." However, this exception "must be construed narrowly." *Drexel Burnham Lambert Grp., Inc. v. Comm. of Receivers for Galadari*, 12 F.3d 317, 325 (2d Cir. 1993). The Second Circuit has recognized that "Congress primarily expected courts to hold a foreign state to an implied waiver of sovereign immunity by the state's actions in relation to the conduct of litigation." *Smith v. Socialist People's Libyan Arab Jamahiriya*, 101 F.3d 239, 244 (2d Cir. 1996). It is axiomatic that where a foreign sovereign makes a "*conscious decision* to take part in the litigation and…fail[s] *to raise sovereign immunity* despite the opportunity to do so," sovereign immunity is waived. *Drexel Burnham*, 12 F.3d at 327 (citation omitted).

Here, Turkey's actions are unambiguous. Turkey affirmatively filed its Application with

the Court and sought the Court's assistance with obtaining discovery from the Banks. Turkey then reaped the benefits of the Authorizing Order by serving the Subpoenas on the Banks and receiving the Bank Records. In doing so, Turkey submitted itself to the Court's jurisdiction. Turkey cannot now invoke its status as a foreign sovereign to prevent the Court from exercising its "broad latitude to determine the scope of discovery and manage the discovery process" in this proceeding. *EM Ltd.*, 695 F.3d at 207; *see also id.* at 208-9 (recognizing the broad power of district courts to issue discovery orders against foreign sovereigns which have waived their immunity).

Indeed, the Supreme Court (and Congress) has rejected the invocation of sovereign immunity in the factually similar scenario where a foreign sovereign chooses to initiate litigation in the United States and subsequently seeks to invoke sovereign immunity as a shield against counterclaims. *See Nat'l City Bank of N.Y. v. Republic of China*, 348 U.S. 356, 361-62, (1955) ("[w]e have a foreign government invoking our law but resisting a claim against it which fairly would curtail its recovery. It wants our law, like any other litigant, but it wants our law free of the claims of justice."). Subsequently, 28 U.S.C. § 1607 was enacted as part of the Foreign Sovereign Immunities Act, providing that "[i]n any action brought by a foreign state… in a court of the United States or of a State, the foreign state shall not be accorded immunity with respect to any counterclaim," including, as relevant here, one that "aris[es] out of the transaction or occurrence that is the subject matter of the claim of the foreign state." The logic of *National City Bank* and 28 U.S.C. § 1607 extends to the present case and is an additional ground on which the Court should reject Turkey's invocation of sovereign immunity. Turkey should not be permitted to invoke sovereign immunity to shield itself from a Court order directing it to adhere to the basic rules attendant to the Section 1782 discovery process it initiated.

For these reasons, the Court should reject Turkey's attempt to invoke sovereign immunity to thwart the Proposed Remedial Measures.

**CONCLUSION**

For the reasons explained herein, Mr. Turkyolu respectfully requests that the Court issue an order granting the Proposed Remedial Measures.

Dated August 18, 2025

STEPTOE LLP

By: [signature]
Michael C. Miller
Daniel W. Podair
1114 Avenue of the Americas
New York, NY 10036
(212) 506-3900
mmiller@steptoe.com
dpodair@steptoe.com

*Counsel for Cevdet Turkyolu*

**CERTIFICATION OF WORD COUNT**

I hereby certify that the above Memorandum of Law, exclusive of the caption, table of contents, table of authorities, and signature block, contains 2,651 words and is therefore compliant with the word count limitations contained in the Court's August 1, 2025 Opinion and Order. I further certify that the above Memorandum was prepared on a computer using Microsoft Word.

Dated: New York, New York
August 18, 2025

Michael C. Miller