UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                  :
In re Application of                  :
                  :
THE REPUBLIC OF TÜRKIYE,                  :
                  :    24 Misc. 557 (JPC)
Applicant for an Order pursuant to                  :
28 U.S.C. § 1782 to Conduct Discovery                  :    ORDER
for use in Foreign Proceedings                  :
                  :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      On August 1, 2025, the Court issued an Opinion and Order, which quashed subpoenas served by Applicant The Republic of Türkiye (Türkiye") on two American banks (the "Respondent Banks") seeking financial records and documents pertaining to Intervenor Cevdet Turkyolu and four other individuals and further vacated the Order authorizing those subpoenas pursuant to 28 U.S.C. § 1782, Dkt. 5.  *See In re Republic of Türkiye*, No. 24 Misc. 557 (JPC), 2025 WL 2200159 (S.D.N.Y. Aug. 1, 2025).  The Court also directed Türkiye and Turkyolu to "submit simultaneous supplemental briefs of no more than 5,000 words each addressing the appropriate remedy with respect to the documents that have already been produced pursuant to the Subpoenas." *Id.* at *16.

      Türkiye and Turkyolu filed those submissions on August 18, 2025.  In Türkiye's submission, its counsel represented that it had "directed [the] client to destroy all copies of the documents produced by the Respondent Banks in response to the subpoenas." Dkt. 36.  Türkiye's counsel further stated that because "the subpoenaed materials have been voluntarily destroyed and Applicant will be renewing its application, no further relief is warranted or necessary at this time." *Id.*  In his August 18 submission, however, Turkyolu asked the Court to order Türkiye to (1) "destroy and/or return all copies of the documents it impermissibly obtained from [the Respondent Banks] [(the "Bank Records")] in response to the now quashed subpoenas"; (2) "destroy and/or

return all documents containing or reflecting any of the information contained in the Bank Records"; (3) "refrain from otherwise reviewing and/or making use of the information contained in the Bank Records"; and (4) "confirm in writing what specific steps it has taken to comply with the Court's orders in this matter and that it is in full compliance with the orders." Dkt. 37 at 1. Turkyolu insisted that this relief remains "warranted and necessary" because Türkiye "has not certified that it (a) has complied with counsel's directive to destroy all copies of the Bank Records, (b) has destroyed and/or returned all documents containing or reflecting any of the information contained in the Bank Records and (c) will refrain from otherwise reviewing and/or making use of the information contained in the Bank Records." *Id.* at 1 n.2.

The Court then ordered Türkiye to file a letter "limited to whether it is willing to 'provide a certification that it has taken each of these steps.'" Dkt. 38 (citation modified). In Türkiye's response, filed on August 22, 2025, its counsel clarified that it had directed "the client to destroy all copies of the documents produced by the Respondent Banks in response to the subpoenas (the 'Bank Records') as well as all documents containing or reflecting any of the information contained in the Bank Records." Dkt. 39 at 1. Türkiye's counsel further represented that "[o]ur client has informed us that they have followed this direction and destroyed all copies of the Bank Records as well as any other records of the information contained in those documents." *Id.*

Based on counsel's representations, the Court determines that no further remedy is needed at this time. *See, e.g.*, *Williams v. NYC Bd. of Elections*, No. 23 Civ. 5460 (AS) (KHP), 2024 WL 4308289, at *5 (S.D.N.Y. Sept. 26, 2024) (explaining that a "sworn statement" "is unnecessary" because "the Court is entitled to rely on representations made by" officers of the court, especially when "the Court has no basis to conclude . . . counsel's statements are untrue"); *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, 328 F.R.D. 100, 118 (S.D.N.Y. 2018) ("In order for the Court to conduct proceedings properly, it must be able to rely upon representations made on

the record by attorneys licensed to practice before it."); *see also Murarka v. Bachrack Bros.*, 215 F.2d 547, 553 (2d Cir. 1954) (acknowledging "the presumption of regularity which has long attached to the procedures of foreign governments and agencies").  Turkyolu may renew his remedial request if he produces "clear evidence" that Türkiye has failed to abide by those representations.  *Cf. Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 174 (2004).

    SO ORDERED.

Dated: August 25, 2025
       New York, New York

                                            JOHN P. CRONAN
                                     United States District Judge